IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES HINKLE,

      **Plaintiff,**

                                   **Case No. 2:22-cv-1874**
  **vs.**                          **Chief Judge Algenon L. Marbley**
                                   **Magistrate Judge Elizabeth P. Deavers**

JUDGE STEPHANIE MINGO,

      **Defendant.**

**ORDER AND REPORT AND RECOMMENDATION**

    Plaintiff James Hinkle, an Ohio resident proceeding without the assistance of counsel, has requested leave to proceed *in forma pauperis* with this action.  (ECF No. 1.)  The motion is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

    This matter is thus before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims in their entirety.

**I.**

    Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--

\*       \*       \*

> (B) the action or appeal--

> (i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*,

727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

2

of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on

a host of considerations, including common sense and the strength of competing explanations for

the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"

*Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April

1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however,

has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v.*

*Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591,

594 (6th Cir. 1989)).

## II.

Plaintiff, proceeding without the assistance of counsel, asserts claims against Franklin

County Municipal Court Judge Stephanie Mingo.  (ECF No. 1-2.)  Plaintiff generally asserts

claims arising out of a lawsuit filed in the Franklin County Municipal Court, assigned to

Defendant Judge Mingo, to which Plaintiff is a party.  (*Id.*)  Plaintiff alleges that Defendant

Judge Mingo "is prejudice[d] against [him] to such an extent that [he] cannot receive a fair and

impartial hearing/trial before her."  (*Id.* at PAGEID # 10.)  Plaintiff disagrees with certain

adverse rulings by Defendant Judge Mingo in the underlying Municipal Court case and alleges

that Defendant Judge Mingo's "behavior is [an] abuse of process and abuse of the power of the

courts." (*Id.* at PAGEID ## 10-12.)  Plaintiff alleges that Defendant Judge Mingo has a conflict

of interest in presiding over the underlying Municipal Court case due to Plaintiff's previously-

filed federal lawsuits against Defendant Judge Mingo, and seeks to have Defendant Judge Mingo

"disqualified and removed" from overseeing his underlying Municipal Court litigation.  (*Id.* at

PAGEID # 16.)

Plaintiff's claims should be dismissed, because no matter how liberally the Court

construes Plaintiff's allegations, Defendant Judge Mingo is entitled to absolute immunity from

civil liability.  Specifically, Defendant Judge Mingo is entitled to absolute judicial immunity as a

state court judge for the Franklin County Municipal Court.  *Padgett v. Kentucky*, No. 1:21-CV-

12, 2021 WL 215647, at *3 (S.D. Ohio Jan. 21, 2021) ("Judges retain absolute immunity from

liability even if they act maliciously or corruptly, as long as they are performing judicial acts and

have jurisdiction over the subject matter giving rise to the suit against them.") (collecting cases).

Here, Plaintiff merely alleges that Defendant Judge Mingo should be disqualified because he

disagrees with how she has presided over the underlying litigation.  (*See generally* ECF No. 1-2.)

Such actions are exactly the type which are entitle Defendant Judge Mingo to judicial immunity.

*Padgett*, 2021 WL 215647, at *3.

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's

claims in their entirety.[2]

---

[2] The Undersigned notes that this Court already has dismissed substantially similar claims against Defendant Judge Mingo on these grounds.  *See Marshall v. Thacker*, S.D. Ohio Case No. 2:21-cv-4838, ECF No. 7 (Nov. 10, 2021).  The Undersigned also has recommended dismissal of substantially similar claims raised by Plaintiff against Defendant Judge Mingo in two other related pending cases.  *See Hinkle v. Mingo*, No. 2:21-CV-4447, 2022 WL 486290, at *1 (S.D. Ohio Feb. 17, 2022).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: April 8, 2022**                                      /s/ *Elizabeth A. Preston Deavers*
                                                                   **ELIZABETH A. PRESTON DEAVERS**
                                                                   **UNITED STATES MAGISTRATE JUDGE**