IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. HINKLE, | : | Case No. 2:22-cv-1874 |
| | : | |
| Plaintiff, | : | Chief Judge Algenon L. Marbley |
| | : | |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| STEPHANIE MINGO, | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff's Objections (ECF No. 6) to the Magistrate Judge's Order and Report and Recommendations ("R&R") recommending this Court dismiss Plaintiff's claims in their entirety (ECF No. 5). Upon *de novo* review by this Court, and for the reasons set forth below, Plaintiff's Objections (ECF No. 6) are **OVERRULED**, and the R&R is **ADOPTED** (ECF No. 5).

**I. BACKGROUND**

On April 4, 2022, Plaintiff, James Hinkle, proceeding without counsel, commenced suit against Defendant Judge Stephanie Mingo, a Franklin County Municipal Court Environmental Division judge. (ECF No. 4). This is the second action Plaintiff has filed against Defendant Judge Mingo. In February 2023, this Court dismissed with prejudice Plaintiff's first lawsuit against Defendant Judge Mingo pursuant to the doctrine of judicial immunity. *See Hinkle v. Mingo*, No. 2:21-cv-4680, 2023 WL 2154684, at *1, *3, *5 (S.D. Ohio Feb. 23, 2023).

Here, Plaintiff asserts that Judge Mingo's judicial actions and inactions in presiding over his state case, 2016 EVH 060329, constitute an abuse of process and power of the court. (ECF No. 6 at 5). For example, Plaintiff asserts administrative errors, including mislabeled parties and

closure of Plaintiff's state case by a magistrate while he actively was appealing the matter to the Ohio Supreme Court. (*Id.* at 4–5). The issues were corrected when Judge Mingo reopened the case. (*Id.*). Plaintiff also asserts that judicial errors occurred. For example, Judge Mingo failed to "drop" his case—as this Court understands, Plaintiff asserts that the failure to dismiss his state case is a judicial error. (*Id.* at 4). Plaintiffs state case, however, had a final determination on the merits—i.e., a judgment. (*Id.*). Moreover, Plaintiff alleges that Judge Mingo had not ruled on three motions he submitted to her court before his state trial. (*Id.* at 3). Plaintiff admits, however, that Judge Mingo "[g]ranted verbally[]" one of those motions. (*Id.*).

Plaintiff further alleges Judge Mingo violated several of his constitutional rights. First, he argues he was denied due process because he: (1) was denied indigency status; and (2) asserts that he was unable to receive fair and impartial hearings before Judge Mingo. (ECF Nos. 4-1 at 1–2; 6 at 4). Second, he asserts that Judge Mingo subjected him to excessive fines ("$50.00 [per] day") in violation of the Eighth Amendment and an unlawful search of his private property in violation of the Fourth Amendment. (ECF Nos. 4-1 at 2; 6 at 3). Plaintiff's non-constitutional claims include: (1) that the state court's administrative errors constitute fraud[1]; and (2) that Judge Mingo lacks jurisdiction over his state case. (*Id.* at 1–4).

On April 8, 2022, Magistrate Judge Elizabeth P. Deavers issued an Order and R&R recommending, *sua sponte*, that this Court dismiss Plaintiff's Complaint in its entirety because Judge Mingo is entitled to absolute immunity from civil liability regardless of how liberally the pro se Complaint is construed. (ECF No. 5 at 4). On April 19, 2022, Plaintiff jointly filed an Amended Complaint and Objections to the R&R. (ECF No. 6). Plaintiff, however, failed to provide the requisite Motion and Amended Complaint and instead restated the conclusory claims in his

---

[1] Plaintiff recognizes the mistakes: "*I did not realize* that the lower courts listed me a [sic] complainant/plaintiff[.]" (ECF No. 4-1 at 3) (emphasis added).

2

Complaint as his objections. (*Id.*). In the "authorities" section of Plaintiff's Objections, Plaintiff listed laws he found for fraudulent representation and misrepresentation but failed to explain its relevance to his objections. (*Id.* at 10–11). Therefore, this Court will construe the April 19, 2022, filing as an Objection to the Magistrate Judge's R&R.

## II. STANDARD OF REVIEW

If any party objects to a Magistrate Judge's R&R, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection[s] [are] made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).

It is well established that, "a pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys." *Brown v. City of Columbus*, No. 2:18-cv-521, 2018 WL 4654693, at *1 (S.D. Ohio Sep. 27, 2018) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Even so, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Clemons v. Metro. Gov't of Nashville & Davidson Cty.*, 664 Fed. App'x 544, 546 (6th Cir. 2016) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Even where a litigant is pro se, the Federal Rules of Civil Procedure still require that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive this requirement, "a

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III. LAW & ANALYSIS

### A. Plaintiff's Objections

In addition to the conclusory statements Plaintiff asserted in his Complaint—and again as objections—Plaintiff accuses Magistrate Judge Deavers of being Judge Mingo's "defense[] attorney" because she recommended dismissal of this case for failure to satisfy pleading requirements, and because Judge Mingo enjoys absolute judicial immunity. (ECF No. 6 at 1). Plaintiff asserts Judge Mingo is not entitled to judicial immunity because she is both a municipal judge and a Mayor's Court judge.[2] (*Id.*). Plaintiff asserts Mayor's Court judges are not entitled to judicial immunity thus Judge Mingo would not be immune from this suit. (*Id.* at 1–2).

Absolute judicial immunity, however, extends to Mayor's Court judges as well as municipal judges. *Hogan v. S. Lebanon*, 73 Ohio App. 3d 230, 236 (citing Ohio Rev. Code Ann. § 1905.01(A) [hereinafter "O.R.C."]). Furthermore, when a jurisdiction has a municipal court, thereby also having municipal judges, then the mayor is divested of their judicial jurisdiction. *See generally* Ohio Rev. Code Ann. §§ 1905.01(A) and 1901.04. Because Judge Mingo serves in the Franklin County Municipal Court Environmental Division there would not be a Mayor's Court judge with concurrent jurisdiction. Thus, Plaintiff's assertions that Judge Mingo is a Mayor's Court judge, and therefore, is not entitled to absolute judicial immunity, are inaccurate.

---

[2] Per Ohio Revised Code § 1905.01(A), a mayor or mayor's appointee "in [a] municipal corporation[] [with] a population of more than two hundred, [and] *not being the site of a municipal court* . . . has jurisdiction[] . . . to hear and determine any . . . municipal [ordinance violation] and . . . vehicle parking or standing ordinance [violation.]" (Emphasis added).

4

**B. Judicial Immunity**

Judge Mingo enjoys absolute judicial immunity, and Plaintiff fails to explain how Judge Mingo acted beyond her judicial function.

The Supreme Court recognizes immunity for public officials when they are acting within the capacity of their position and do not violate well-established constitutional rights. *See Nixon v. Fitzgerald*, 457 U.S. 731, 755 (1982) (president); *Anders v.* Cuevas, 984 F. 3d 1166, 1188 (6th Cir. 2021) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1988) (legislators)). Absolute immunity has been extended to judges, and "[i]t is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F. 3d 614, 617 (6th Cir. 2004). Two exceptions to judicial immunity have been recognized: "[f]irst, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Leech v. DeWeese*, 689 F. 3d 538, 542 (6th Cir. 2012) (citations omitted).

When a judge's immunity is at issue, however, the scope of her jurisdiction is construed broadly. *Cooper v. Rapp*, 702 Fed. App'x 328, 332 (6th Cir. 2017) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). The United States Supreme Court explicitly stated, "[a] judge [retains her] immunity [even if] the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority[.]" *Stump*, 435 U.S. at 356. Additionally, "[i]t is a judge's duty to decide all cases within h[er] jurisdiction . . . brought before h[er], including . . . cases that arouse the most intense feeling in the litigant[]. H[er] errors may be corrected on appeal, but [s]he should not have to fear that [an] unsatisfied litigant[] may hound h[er] with litigation[.]" *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Moreover, "judicial immunity is an immunity from suit, not just from [an] ultimate

assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Thus, a judge is not required to be subjected to suit then subsequently immune from damages if found liable. *Id.* Rather judicial immunity means a judge is immune from suit at the outset; thereby not subjected to proceedings, discovery, trial, damages, and other burdensome requirements of litigation because an unsatisfied litigant disagrees with her judicial actions. *Id.*; *Pierson*, 386 U.S. at 554.

Construing Plaintiff's allegations against Defendant as liberally as possible, Plaintiff's objections do not prove that Judge Mingo's actions fall beyond the broad scope of her judicial function and jurisdiction. In both his Complaint and Objections, Plaintiff asserts conclusory statements that Judge Mingo wrongfully asserted her judicial power in his Franklin County Municipal Court case. (ECF Nos. 4, 6). As referenced *supra*, this included the allegation that Judge Mingo failed to rule on three motions Plaintiff submitted to Judge Mingo's court before his state trial. (ECF No. 6 at 3). Judge Mingo's discretion to rule or leave a motion pending on her docket, however, is well within the scope of her judicial function. Thus, her actions were judicial in nature.

In his Objections, Plaintiff also refers to O.R.C. § 705.79, an Ohio state statute, which provides the mayor with executive enforcement power. (ECF No. 6 at 2). To wit, "[t]he mayor of a municipal corporation . . . shall, [s]ee that the laws and ordinances are enforced." O.R.C. § 705.79(A). It appears Plaintiff referred to this statute to argue that the enforcement of laws and ordinances is a judicial function. This statute, however, is inapplicable to the issues before this Court. Enforcement, as defined pursuant to O.R.C. § 705.79(A), does not encompass the finding of liability, or guilty verdict if criminal, for a violation of any law and/or ordinance. Instead, the statute provides enforcement authority typical for an executive branch of government and is inapplicable to the judiciary.

6

Finally, an Ohio statute, O.R.C. § 1901.181(A), provides Judge Mingo jurisdiction over civil and criminal housing and environment disputes, which were at issue in Plaintiff's state case. *See* Hinkle, 2023 WL 2154684, at *3 (Marbley, J.). Therefore, O.R.C. § 1901.181(A) provides Judge Mingo with exclusive jurisdiction over Plaintiff's state case, and her actions were taken within her judicial function.

While this Court addressed this same issue in its previous Opinion and Order ("O&O") on February 23, 2023, *Id.*; this Court acknowledges that the O&O was not available to Plaintiff at the time he filed the Complaint in this case. Regardless, Plaintiff fails to explain how Judge Mingo took actions in complete absence of her jurisdiction. Thus, this Court finds that Judge Mingo has jurisdiction. In conclusion, Judge Mingo is entitled to absolute judicial immunity from civil liability in this suit against her.

## IV. CONCLUSION

After a *de novo* review by this Court, and for the reasons set forth above, Plaintiff's Objections (ECF No. 6) are **OVERRULED**, and the Magistrate Judge's R&R is **ADOPTED**. (ECF No. 5). Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                    **ALGENON L. MARBLEY**
                                                    **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: May 22, 2023**